IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| T.B. & M.B., as Parents and Nearest Friends of A.B., Plaintiffs, | : : : : | 1:09-cv-1693 |
|---|---|---|
| v. | : : : | Hon. John E. Jones III |
| WAYNESBORO AREA SCHOOL DISTRICT, Defendant. | : : : : | Hon. J. Andrew Smyser |

## **MEMORANDUM**

## **February 22, 2011**

## **THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

This matter is before the Court on the Report and Recommendation ("R&R") of Magistrate Judge J. Andrew Smyser (Doc. 63), filed on January 19, 2011, which recommends that we grant Defendant Waynseboro Area School District's ("the District") Motion for Judgment on the Administrative Record (Doc. 48) and deny Plaintiffs' cross-Motion for Judgment on the Supplemental Administrative Record. (Doc. 52). Plaintiffs filed objections to the R&R on January 28, 2011 (Doc. 64) and the District filed a brief in opposition thereto on February 4, 2011. Accordingly, this matter is ripe for disposition. For the reasons set forth below, the Court will adopt the R&R in its entirety.

1

I. **BACKGROUND**

This action is essentially an appeal of an adverse decision by a Pennsylvania Special Education Hearing Officer with regards to A.B., a 17-year old student residing in the District who has been previously diagnosed with Attention Deficit Hyperactive Disorder ("ADHD"), speech language impairment and an autism disorder, Asperger's syndrome, since early childhood. Plaintiffs T.B. and M.B. are the parents and natural guardians of A.B ("Plaintiffs" or the "Parents").

The events that gave rise to the matter *sub judice* occurred during the 2007/2008 and 2008/2009 school years. A detailed factual recitation can be found at pages 5 to 20 of the R&R, and inasmuch as these facts are largely undisputed, we shall only briefly summarize them herein. In short, A.B. struggles to appropriately interact with peers in unstructured, casual circumstances, and as a result has been both a victim and perpetrator of bullying while a student in the District. Following the last documented bullying incident at the District, A.B. exhibited suicidal behavior and was admitted to a psychiatric hospital. Upon release, A.B. received homebound instruction rather than return to school for the remainder of the school year. The Parents rejected the District's Individualized Education Program ("IEP") for the following school year, asserting that it did not address the problems which had lead to A.B.'s previous suicidal ideation. Instead,

A.B. was enrolled at St. Maria Goretti School, a small private school, and the Parents sought reimbursement for that education from the District.

A Pennsylvania Special Education Hearing Officer held a hearing that spanned the following four dates: February 10 and 17, March 19, and April 28, 2009. Testimony was received from the following individuals: Danny Crum, Jr., the District's psychologist; Betsy Metz, the District's 9th grade learning support teacher; Holly Hess, the District's 8th grade learning support teacher; Shelly McDonald, speech pathologist; Dr. Grossberg, A.B.'s pediatrician; Kimberly Calimer, assistant principal of the District's middle school; Barry Donohue, 8th grade social studies teacher; Jane Wishard, 8th grade reading teacher; Patrick McDonald, 7th grade English teacher and homebound instruction teacher; Lois Hershberger, a high school emotional support teacher and homebound instruction teacher; Heather Dale Leease, a homebound instruction teacher; Yvette Braxton, therapist; Jerry Brown, therapeutic staff support at Mountain Valley Center where A.B. participated on the swim team; Jean Purnell, director of special education for the District; and Kelly Metnzer, A.B.'s case manager at Franklin County Mental Health. A.B.'s Parents also testified at the hearing.

Following the hearing, the Hearing Officer concluded that:

(1) the District had offered and implemented an appropriate IEP for A.B. for the 2007/2008 and 2008/2009 school years and that the District had provided A.B. with a free appropriate public education ("FAPE"), thus the Plaintiffs are not entitled to an award of compensatory education;

(2) that although the IEP proposed by the District for the 2008/2009 school year was appropriate, it would need to be updated and would not necessarily be appropriate for the 2009/2010 school year;

(3) that A.B. is not a student with Asperger's syndrome; and

(4) that Plaintiffs are not entitled to reimbursement for the Independent Educational Evaluation ("IEE") or for tuition at the private school.

The Hearing Officer further ordered that the District conduct a comprehensive speech and language evaluation of A.B. within sixty days and that the IEP team meet within ten days of that evaluation to discuss and design an IEP for A.B. for the 2009/2010 school year.

The amended complaint contains four counts. Count I is brought pursuant to the Individuals with Disabilities Education Act ("IDEA"), 29 U.S.C. § 1400, *et seq.* Count II is brought pursuant to Section 504 of the Rehabilitation Act, 29 U.S.C. § 794. Count III is brought pursuant to the Americans with Disabilities Act

("ADA"), 42 U.S.C. § 12101, *et seq.* Count IV is a claim for attorney's fees. Plaintiffs concede, however, that their ADA and Rehabilitation Act claims are entirely dependent upon a finding that the District violated A.B.'s rights under the IDEA. Plaintiffs seek compensatory education for the 2007/2008 school year, reimbursement for a year's tuition at St. Maria Goretti High School, and attorneys fees.[1]

I.      STANDARDS OF REVIEW

A.      **Review of Magistrate Judge's R&R**

When objections are filed to the report of a magistrate judge, the district court makes a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objections are made. 28 U.S.C. § 636(b)(1); *United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The court may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. *Id.* Although the standard of review is *de novo*, 28 U.S.C. § 636(b)(1) permits whatever reliance the district court, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and

---

[1] Plaintiffs have waived their claim for reimbursement for an IEE performed by Dr. Kay as well as their claim for compensatory education for the 2008/2009 school year. (Doc. 59, p. 13 and Doc. 62, p. 4).

recommendations. *Raddatz*, 447 U.S. at 674-75; *see also Mathews v. Weber*, 423 U.S. 261, 275 (1976); *Goney v. Clark*, 749 F.2d 5, 7 (3d Cir. 1984).

**B.     The IDEA[2]**

The purpose of the IDEA is to provide children with disabilities with a free appropriate public education ("FAPE") and related services designed to meet that child's unique needs and prepare him or her for employment and independent living.[3] *See* 20 U.S.C. § 1400(d)(1)(A). FAPE is defined as:

> special education and related services that – (A) have been provided at the public expense, under public supervision and direction, and without charge; (B) meet the standards of the State educational agency; (C) include an appropriate preschool, elementary, or secondary school in the State involved; and (D) are provided in conformity with the

---

[2] We refer the reader to pages 36 to 41 of the R&R for a comprehensive discussion of the IDEA. For the purposes of the instant Memorandum, only a summary of the IDEA's high points is necessary.

[3] If a student has been denied FAPE, the court may award compensatory education to account for the period in which the student was denied FAPE. *Mary T. v. School Dist. of Philadelphia*, 575 F. 3d 235, 249 (3d Cir. 2009). A court may also award tuition reimbursement for private special education if it determines that such a placement, rather than a proposed IEP is proper under the Act. *See Florence County School Dist. v. Carter,* 510 U.S. 7, 12 (1993)(quotation omitted). However, parents who unilaterally change their child's placement without the consent of the school district do so at their own financial risk because "[t]hey are entitled to reimbursement *only* if a federal court concludes both that the public placement violated IDEA and that the private school placement was proper under the Act." *Id*. at 15.

6

> individualized education program[4] required under section 614(d) [20 U.S.C §1414(d].

20 U.S.C. § 1401(9). Essentially, a disabled student must be provided with an education that results in "significant learning" and a "meaningful benefit" to the child. *D.S. v. Bayonne Bd. of Educ.*, 602 F. 3d 553, 556 (3d Cir. 2010). In addition to FAPE requirements, the IDEA provides that states must assure that disabled children are educated with children who are not disabled to the maximum extent appropriate. *See* 20 U.S.C. § 1412(a)(5).

The issue of whether an IEP is appropriate is a question of fact. *S.H. v. State-Operated School Dist. of the City of Newark*, 336 F. 3d 260, 271 (3d Cir. 2003). Under the IDEA, both the parents/guardians of the child or the school district may seek an administrative due process hearing to challenge a student's IEP. *D.S., supra*, at 557; *Schaffer v. Weast*, 546 U.S. 49, 53 (2005). "A party to the due process hearing aggrieved by its outcome has the right to bring a civil action challenging the decision in any state court of competent jurisdiction or in a federal district court, without regard to the amount in controversy." *D.S., supra,* at

---

[4] The IEP is the primary vehicle for providing students with the required FAPE. It "consists of a detailed written statement arrived at by a multi-disciplinary team summarizing the child's abilities, outlining the goals for the child's education and specifying the services the child will receive." *Polk v. Central Susquehanna Intermediate Unit 16*, 853 F. 2d 171, 173 (3d Cir. 1988).

558 (citing 20 U.S.C. § 1415(i)(2)).  The party seeking relief bears the burden of proof.  *See L.E. v. Ramsey Bd. of. Educ.*, 435 F. 3d 384, 391-92 (3d Cir. 2006).

In IDEA cases, the district court applies a modified *de novo* standard of review.  *S.H., supra*, at 270.  In reviewing the Hearing Officer's determination, the district court must make its own findings by a preponderance of the evidence, but must give "due weight" to the administrative proceedings.  *Shore Regional High School Bd. of Educ. v. P.S.* , 381 F. 3d 194, 199 (3d Cir. 2004); *Bd. of Educ. of Hendrick Hudson Central School Dist. v. Rowley*, 458 U.S. 176, 205-206 (1982).  Thus, factual findings from the administrative proceedings are considered *prima facie* correct.  *Shore Regional*, *supra*, at 199 (quoting *S.H., supra*, at 271).  The Court must also accept credibility determinations made at the administrative level unless the non-testimonial, extrinsic evidence in the record justifies a contrary conclusion.  *Id.*  This is essentially a "clear error" standard.  *Id.*

## III.  DISCUSSION

Magistrate Judge Smyser aptly notes that "[w]hether the plaintiffs are entitled to compensatory education for the 2007/2008 School Year depends on whether A.B. was denied a FAPE during that school year which in turn depends on whether the 2007/2008 IEP was appropriate."  (Doc. 63, p. 42).  Magistrate Judge Smyser concludes that the 2007/2008 IEP was appropriate and that A.B. was not

denied a FAPE during that school year.[5] Magistrate Judge Smyser also agrees with the Hearing Officer that the Plaintiffs are not entitled to tuition reimbursement for the 2009/2010 school year because the October 2008 IEP was appropriate. Finally, Magistrate Judge Smyser recommends that we deny the Plaintiffs' claim for attorneys fees, since they have not prevailed on the substantive claims at issue in this case.

In the face of the Plaintiffs' objections to the R&R, the Court has thoroughly reviewed the administrative record in this case, and in so doing, we reach the same conclusions as the Hearing Officer and the Magistrate Judge.[6] While we are permitted to substantially rely on the reasoning of the Magistrate Judge in rendering our decision and will do so, we shall, however, briefly address the core objection raised by the Plaintiffs. Plaintiffs' primary argument is not necessarily that the IEP itself was deficient, but that the means for implementing the IEP were

---

[5] In making this determination, Magistrate Judge Smyser declined to consider additional evidence that Plaintiffs attempted to introduce to supplement the record, finding the same to be cumulative to evidence already in the administrative record. Plaintiffs also attempted to introduce answers to interrogatories that they claim establish that the IEP was not implemented. Magistrate Judge Smyser also declined to admit these responses and noted that, even if they were admitted, he did not find them to lead to an inference that the IEP was not implemented. In their objections to the R&R, Plaintiffs take issue with the Magistrate Judge's failure to consider these items. We agree with Magistrate Judge Smyser's decision excluding the items, because we do not find any clear error in the administrative record with respect to fact-finding, nor do the proposed new evidentiary items support such a finding.

[6] We thank the parties for providing the Court with a hard copy of the rather voluminous record.

deficient. To support this argument, Plaintiffs argue that no formal "data collection" was ever conducted in conjunction with A.B.'s IEP, and thus submit that the IEP's implementation must have been deficient in the absence of such data. While this assertion has some facial allure, upon closer inspection it is evident that its premise is faulty. At the administrative hearings and as noted, numerous individuals testified as to A.B.'s positive progress under the IEP. We are presented with no reason to doubt the credibility and accuracy of that testimony, and shall decline Plaintiff's invitation to do so. Further, having concluded that the IEP for the 2007/2008 school year was appropriate and that A.B. was accordingly provided with a FAPE for that school year, it necessarily follows that the Plaintiffs are not entitled to compensatory education or tuition reimbursement for that time period.

## IV. CONCLUSION

For the foregoing reasons, we shall adopt the Magistrate Judge's R&R. An appropriate Order shall issue.